**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff-respondent,** | ) | 14 C 1354 (08 CR 530) |
| | ) | |
| v. | ) | |
| | ) | **Judge Ronald A. Guzmán** |
| **DWAYNE WILLIAMS,** | ) | |
| | ) | |
| **Defendant-movant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Dwayne Williams, who is serving a 125-month prison term for possession with the intent to distribute heroin, has filed a motion pursuant to 28 U.S.C. § 2255 to vacate his sentence. For the reasons set forth below, the motion is denied.

**Background**

On February 11, 2009, Williams was charged in a superseding indictment with, among other things, possession with intent to distribute 100 grams or more of mixtures containing heroin. (*See* Superseding Indictment, Count Four [Dkt. 59].)[1] On February 25, 2011, Williams pleaded guilty to that charge pursuant to a written plea agreement. (*See* Plea Agreement ¶ 5 [Dkt. 143].) On February 7, 2012, the Court sentenced him to 125 months in prison. (*See* J. [Dkt. 171].)

Williams appealed the sentence, arguing that the government's introduction and the Court's consideration of testimony from one of his drug suppliers increased the amount of drugs attributed

---

[1]Unless noted otherwise, all citations are to the docket in *United States v. Williams*, No. 08 CR 530.

to him far beyond that to which the parties had agreed in the plea agreement. (*See United States v. Williams,* No. 12-1505, at 1 (7th Cir. Dec. 20, 2012) [Dkt. 198].) The court rejected his argument:

> Williams could not . . . have reasonably expected the government to be bound by the agreement's calculations of a base offense level of 28 given the other terms of the agreement. Williams acknowledged that the agreement's calculations were "preliminary in nature," that they were "non-binding predictions upon which neither party is entitled to rely," and that the government could change its recommended range based on "further review of the facts." Emphasizing its provisional nature, the agreement also states that the calculated guidelines range was "based on the facts now known to the government," thereby connoting that a different range might be calculated if additional facts arose. And the agreement further alerted Williams that the government was not limited to the relevant conduct that Williams admitted because it also provides that the government would "fully apprise" the district court about Williams's conduct related to the charges against him, as it did in its presentencing submissions. Under these provisions, the government was free to provide additional evidence of relevant conduct.

(*Id.* at 4) (citations omitted).

Williams now contends that his sentence should be vacated under § 2255 because he received ineffective assistance of counsel.

**Discussion**

To prevail on an ineffective assistance claim, Williams must show that his counsel's performance "fell below an objective standard of reasonableness" and there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688-93 (1984). The *Strickland* standard requires Williams to overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

Williams contends that his counsel was ineffective because of a conflict of interest. Specifically, Williams says he could not pay the fees his lawyer demanded, which put his lawyer's

2

interest in minimizing the time he spent on Williams' case in direct conflict with Williams' interest in a vigorous defense. *See Stoia v. United States*, 109 F.3d 392, 395 (7th Cir. 1997) (ineffective assistance claim may be premised on proof that counsel had an actual conflict, *i.e.*, "was required to make a choice advancing his own interests to the detriment of his client's interests," and absent the conflict his performance likely would have been different) (quotations omitted). It is not clear whether a defendant's debt to his lawyer creates an actual conflict of interest between them. *Compare Daniels v. United States*, 54 F.3d 290, 294 (7th Cir. 1995) (stating that "[a] conflict may . . . arise when a client's interests are adverse to his lawyer's pecuniary interests"), *with United States v. Ohiri*, 287 Fed. Appx. 32, 38 (10th Cir. 2008) (rejecting "[the] assertion that the mere existence of [defendant's] debt [to his attorney] gave rise to an actual conflict"), *Caderno v. United States*, 256 F.3d 1213, 1219 (11th Cir. 2001) (per curiam) ("Although a defendant's failure to pay fees may cause some divisiveness between attorney and client, courts generally presume that counsel will subordinate his or her pecuniary interests and honor his or her professional responsibility to a client.") (quotations omitted), *United States v. O'Neil*, 118 F.3d 65, 71 (2d Cir. 1997) ("We never have held that failure to pay fees or an attorney's motion to withdraw for his client's failure to pay, without more, gives rise to a conflict of interest . . . ."). Even if it does, however, the conflict would merit § 2255 relief only if it adversely affected the lawyer's performance.

Williams contends that it did, as evidenced by the three motions to withdraw his counsel filed. The third motion, which was filed after the proceedings in this Court ended, sheds no light on the quality of counsel's performance. (*See* Notice Appeal [Dkt. 165]; Mot. Withdraw [Dkt. 168].) Moreover, though the two other motions were filed during the course of the case, the record vitiates any inference of prejudice that Williams draws from them. The first motion was filed on

3

September 24, 2008, about a month after the indictment was filed, and withdrawn "[b]y agreement of the parties," one week later. (*See* Indictment [Dkt. 15]; Mot. Withdraw [Dkt. 25]; 10/2/08 Minute Entry [Dkt. 28].) The second motion was filed on December 5, 2008, and withdrawn a month later. (*See* Mot. Withdraw [Dkt. 42]; 1/5/09 Minute Entry [Dkt 48].) Between January 5, 2009, when the second motion was withdrawn, and February 25, 2011, when Williams entered into the plea agreement, the following occurred: (1) the government filed a superseding indictment against Williams; (2) Williams' counsel filed motions to dismiss all or part of the superseding indictment, to bar the use of certain evidence, and for discovery; (3) counsel successfully defended Williams against a motion to revoke his bond; and (4) counsel negotiated a plea agreement with the government. (*See* Superseding Indictment [Dkt. 59]; Mot. Limine [Dkt. 82]; Mot. Dismiss [Dkt. 84]; Mot. Dismiss Certain Counts Superseding Indictment [Dkt. 86]; Mot. Discovery [Dkt. 88]; 5/14/09, 5/21/09, 6/1/09, 6/22/09, 6/23/09, 7/7/09 Minute Entries [Dkt. 95, 97, 98, 100, 102, 103].) Given that counsel's motions to withdraw were resolved more than two years before Williams entered into the plea agreement and he worked diligently during the intervening period, his motions to withdraw do not support the inference that Williams was prejudiced by any alleged conflict of interest.

Williams also claims that his counsel was ineffective for failing to move to dismiss the conspiracy count of the indictment "because no other person was named in [that] count." (§ 2255 Mot. at 4.) The record shows, however, that counsel did make such a motion. (*See* Mot. Dismiss [Dkt. 84].) Further, if Williams' real complaint is that his lawyer "allowed" him to be sentenced for a drug quantity in excess of that for which he was indicted and was set forth in his plea agreement, his claim has no merit. Counsel strenuously objected to the government's introduction of evidence

4

from Williams' drug supplier at the sentencing hearing and urged the Court to bar or disregard it. (*See* Williams' Sentencing Mem. at 7-10 [Dkt. 151]; Gov't Resp. § 2255 Mot., Ex. A, 2/7/12 Sentencing Hr'g Tr. at 67-72.) The fact that counsel's argument was rejected by this Court, and later the Seventh Circuit, does not make him ineffective.

**Conclusion**

For the reasons set forth above, the Court denies Williams' motion pursuant to 28 U.S.C. § 2255 and terminates this case. The Court also declines to issue a certificate of appealability because Williams has not made a substantial showing of the denial of a constitutional right.

**SO ORDERED.**   ENTERED: June 9, 2014

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**